Zach Hill here on behalf of the appellants, two companies, but we're just collectively referring them to as EMC because they're both related insurance companies. We're here today on a dismissal of what I would call a run-of-the-mill coverage action relating to insurance coverage for an underlying case filed in state court in Arkansas. What happened was we filed a declaratory judgment action in federal court back in January. The underlying plaintiffs answered it, but three months later they copied and pasted our complaint, filed it in state court, and then asked the federal judge to abstain based on the now pending parallel case in state court. The district court judge did grant that motion and dismissed the case and declined to exercise jurisdiction, and we believe that was an abuse of discretion. The law on this issue comes from primarily Brillhart, which is a 1942 Supreme Court case. In that case, the Supreme Court said district courts have broad discretion to abstain. I don't disagree with that in the slightest. This is an abuse of discretion case. However, Brillhart did say that the requirement is that there must be some issue better resolved in state court than in federal court for that discretion to kick in. That's what we're challenging here. We do not believe the district court made any finding of some issue better resolved in state court than in federal court. The subsequent cases, Brillhart was reaffirmed in Wilton back in 94, 95, something like that. This court has addressed it a number of times. Unfortunately, we don't have a good direct opinion on a judge declining to exercise jurisdiction. There's one case relied heavily by opposing counsel, the Capital Indemnity case, where this court found an abuse of discretion by exercising jurisdiction. In that case, there was a very good reason not to and to send it back down to state court and let the state courts handle it. That reason was because there was a conflict in Missouri law that needed to be resolved by a Missouri court. Well, what about the ... I think it's what's driving the district judge here. There's a tort action in state court, and there's this declaratory action, and shouldn't they be in the same court system? Yes, Your Honor. That is in the opinion that it does make sense to have the same judge handle both these cases, and I would respectfully disagree with that. I think it's a bad idea to have the same judge handle both the tort case and the coverage case. In every case where I ... I do a lot of coverage work. Every case, I could intervene in the state court case and ask the same judge to rule on it. I don't, because I want a separate judge on it. I don't want an overlap of knowledge between the judges. I don't want the same ... You're only one side of the case, counsel. Go ahead. Say that again, Your Honor? I say you're only one side of the case, and you also don't ... Tell me the judicial view. So judicially, my concern has always been the judge knowing what ruling to enter in the tort case to impact the coverage case, and either intentionally trying to create coverage where there shouldn't be coverage by certain rulings, or just having that weigh in the judge's mind. I'm ruling on this tort case, but in the back of my mind, I was at a hearing last week on this coverage case, and the coverage lawyers told me something, and it's impacting my opinion in the tort case. We don't want that. That's why we want separate and distinct, one judge handling coverage, one handling the tort. The other concern I have with that is that there is an implied motivation of the tort judge, when there is tort and coverage in the same court, to resolve them at the same time, or let the tort case go to trial and deal with the coverage case afterwards. We would argue that's incredibly prejudicial to our client here, where we are defending under a reservation of rights and paying for his lawyer. We deserve a timely resolution of this case, and everything we've gotten from the state court is that it's going to sit around and wait for three years for a judgment to be entered against the insured, whereas if we have a separate case in federal court, it can move on its own pace, and we can get this resolved very quickly. To anticipate your favorite question today, Judge Benton, what's my best case on this, I would point the court to the Geico case cited in the brief. It's not exact, but it's a case where the district court did exercise jurisdiction. It was challenged on appeal and affirmed. In that case, what was interesting is that the district court never actually ruled on the motion to dismiss or stay. Instead, the district court there just granted summary judgment in favor of the insurance company and that was it. This court said, normally, we would just remand it down for instruction to resolve that, but this is so clear cut. This is a quote from the case was a run of the mill coverage case, that we exercise jurisdiction over these. We don't need to review it. Even though the district court did not rule on it, jurisdiction was going to be exercised, so we're just going to skip that and go to the merits of it. I would argue that's ... Honestly, in my experience, that's what happens in these cases. This is the first time I've ever had a judge decline to exercise jurisdiction under facts like this. As I said before, no exact parallel case that I could find. I don't believe Mr. Brooks found a similar case holding any sort of exact issues like this, but I would point to the Geico case as the best case on the issue. One of the issues that we've argued makes the case better settled in federal court than state court is both general and specific bias of the state court. General bias in the sense that this trial in state court would be in front of one jury pulled from one county that knows all about all of this. We can go through jury selection and try to weed them out, but we're going to end up with people who have heard of this. Federal court, we get a much broader jury pool. We can find a more fair jury, and that's kind of the entire point of diversity jurisdiction is fairness to my client that's based in Iowa and has no real connection to Arkansas other than issuing some insurance policies. Specific bias in this case is developed in depth in the brief, but generally speaking, the state court judge, and there's only one in that county, so if you file something in that county, it goes to the same judge. We believe some of his orders were prejudicial to the insurance companies. At first, we thought they were- Is this the one that's now recused? He has, Your Honor. Okay, so is your argument moot? No, Your Honor. We would argue that the district court ruled on this at the time the judge had not recused, and that's all this court can consider. If this court thinks that that may impact something, it should be remanded back down to reconsider it under the new judge that has taken over that case. We would argue- Could it take judicial notice of a public filing of a court? Could take judicial notice, yes, but my understanding is, and correct me if I'm wrong, but my understanding is if we get to the point of saying, well, if the record was this at this point, that gets into an advisory opinion, which is not allowed. But we would argue even with recusal, there is still bias in the form of those orders that were already entered that extended the time to file an answer for the insured continuously so that no insurance company could rely on a lack of notice, appointed a receiver to take possession of the insurance policies and provide notice, which I've never heard of before. They would also be subject to appeal in state court, wouldn't they, those issues? They would, but for the fact that no one in that case would challenge those. They were filed in the tort case, so there's no interested party who could, none of the insurance companies are in there where they could appeal those and challenge those. So we would argue that that is specific bias, and if we do want to get into looking at the filings in that case with the new judge, I would note that I filed a 74-page, from here to here, motion for summary judgment in that case where the plaintiffs just responded and said, no, we want more time. Also we amended our complaint, and the judge denied it as moot without letting me respond to it and has shown every intention to just let that case drag on rather than trying to get a timely resolution on our coverage issues that we could have gotten in federal court. I would also note that, again going back to the capital indemnity case where there was a very good reason not to exercise jurisdiction, that's not present here. All of these issues are so easily resolved. Insurance does not cover sexually molesting children. It's as simple as that. There's really no dispute about it. In the reply brief, I cited two cases discussing all of the relevant exclusions we have for intentional conduct, criminal conduct, sexual molestation, knowingly invading the rights of another, and just the general idea that they can't call this negligence. You can't negligently, falsely imprison someone. So that is so clearly, easily resolved and could easily be resolved by a federal court without making a single prediction of what the Arkansas Supreme Court would do because it's already done it. There are cases on this issue already. But I would note that a case like this, while it's not complicated, it's still complex. There's a lot of coverage. There are multiple insurance companies, multiple policies, multiple coverages, multiple exclusions, a 200 and something page underlying complaint, and it's better suited for the resources of the staff of full-time law clerks. I bet Arkansas's got some experienced judges. We do, Your Honor. Yeah. So proceed with your argument. We don't have full-time, we don't have any law clerks for most of our judges in state court. Outside of a couple counties, they don't have the resources that a federal court would have. So all of these may be a factor to convince me to make another decision, but what is it that was the abuse of discretion? What does it really come down to? Is it the bias? Abuse of discretion is that, one, I don't think there's any attempt in the order to point to this is the issue that is better resolved in state court. Now, there's a discussion of the judges. That's not an issue to be resolved. That's more some tangential issue. There's no legal issue that is better resolved in state court. And again, that is required under Brillhart. And we would also argue that all of these other issues, the bias, the complex but not complicated issues, which is a confusing sentence on its own, the resources and the need to get this timely resolved independent of the tort action, would constitute an abuse of discretion not considering those and not finding that those constitute a better reason to keep it in federal court rather than state court. And I'm running close to my rebuttal time, so I will wrap this up with the gratuitous interference standard, which is also from Brillhart, that we don't want a federal court interfering in a state court. Those cases typically focus on where there's already a judgment against the insured and there's just a garnishment action in state court to get at insurance funds. It's not what we have here. We are three years away, four years away, five years away from a judgment against the insured. That case is not moving quickly. They're adding parties. They're doing all kinds of things. And there's nothing to interfere with because the coverage action they filed in state court isn't moving very quickly either. And I would argue that if anything, they are interfering in my federal case by plagiarizing my complaint essentially, filing it in state court, and then asking for stays and asking for more discovery and not letting it move forward. So we would argue that based on all of that, there was an abuse of discretion and the case should be remanded with direction to exercise jurisdiction. Thank you for your argument. Thank you. Mr. Brooks.  I'm Brian Brooks on behalf of the certain of the appellees. There are some appellees who didn't show up, but we represent those victims of Barry Walker sexual abuse, that group of appellees. Judge Kobus, to your point, this is double-barreled discretion. The way I read Brillhart and Wilton, there is a high degree of discretion on the part of the district court about whether to entertain the case at all. A degree of discretion that doesn't ordinarily apply when there's an issue of abstention. And then this court reviews whether that discretion was exercised for an abuse of discretion. So we look at abuse of discretion twice, and it simply doesn't exist here. Let's go straight to this notion that the state court must be better to decide the issues. The implication that my friend makes with that line from Brillhart is there must be some superiority in his interpretation of that phrase. There must be some superiority in the state court that makes it a better place to decide these questions. I was looking at Wilton again last night, worried about that particular issue. And it seems to me that that is very similar to this argument made in Wilton. In London Underwriter's view, recent cases have established that a district court must point to a compelling reason in order to stay a declaratory judgment action in favor of a pending state court proceedings. And then it went on into all of that rich discussion about how the Declaratory Judgment Act vests this great degree of discretion on district courts and says if the district court feels that the state court can handle this suit, then the district court has a high degree of discretion to refuse to hear the suit. And these are the kinds of things that the district court should consider. Do parallel state and federal court declaratory judgment actions over insurance coverage exist? Well, they do. They very clearly do here. I don't know whether the complaint was plagiarized or not, but if it's a mirror image, I can't think of a greater example of a parallel suit than one where the declaratory judgment complaint by the insurance company was mirrored in the state declaratory judgment action. Will state law or federal law answer the coverage questions? State law is all this is about. There's nothing but state law. And pausing here for just a moment, if this is such an easy question, why do you object so hard to state court jurisdiction to decide the state court question? Well, they've offered up an argument that they believe that the state court will delay on the legal coverage question. And part of that is about keeping in competent defense counsel while the case is actually tried. I mean, I was a state judge for a long time, right? And ending up with a whole mess of people pro se in a place where there's a large claim is a mess, right? And so there's some appeal to that. And what they're essentially saying is pretty straightforward. It says, we've got the same parties, we've got the same policies, we've got the same law, and the law is settled. And that under those circumstances, the coverage question is ripe and ought to be decided. And there's no reason why the federal court shouldn't decide this case, but we have reason to believe that the state judge is going to let that matter linger in order to keep in competent defense counsel in the hopes that maybe it'll all go away. I have two responses to that. My first response is I have a great deal more faith in our state court judges than Mr. Hill does. Undoubtedly. I think the judge is going to expedite the case just like any other case is going to decide the issues. Tied to that is the fact that the coverage case is a separate filing. It's handled by the same judge, but it's a separate case and can be decided on its own and get to a final order and appealed without the underlying state court tort action being decided. It's a totally separate action. Is there currently pending competing summary judgment motions in that case? They're not competing. It's my understanding, and I'm not involved in that state court action at this point in time. It's my understanding that Mr. Hill has filed a summary judgment motion that has not been to respond to the summary judgment motion. That exact same thing would happen in federal court. Exactly. There's nothing untoward about that. The other thing that I would ... The other reaction I have to your question is this. That's a really good argument for the district judge to consider in determining whether to exercise her jurisdiction. She considered those things and decided to abstain. She explained why she was abstaining. Those are my two reactions to your question. I think under Brillhart and Wilton and the way they're construed, that is a decision that gets affirmed based on the case law. Third thing that the cases point out that we consider in determining whether the state court is better to decide the case. Are all the necessary parties joined in the state court action so that you can get a final decision? Well, yes, they are. Those are the things that Brillhart and Wilton ... I do that all the time. Brillhart and Wilton take into consideration. Judge Hickey pointed out at least three other things in her order. By the way, when I went back and looked at all the papers in this case, it hit me very hard that my brief ought to have been Judge Hickey's order because I think it covers the right. She pointed out that this federal court case is at its inception. It's not way on down the road. We don't have a 16-year-old environmental case that has been chugging along in federal court for decades and decades and been processed along. What we have is two cases that are at the very inception of their lives. Second, there is an advantage to having the state court tort judge presiding over the coverage question. I disagree with Mr. Hill. I think there's something to be said for institutional knowledge and a judge understanding what the underlying case is about when he or she is making coverage decisions. I don't think there's anything wrong with that, certainly. In my view, it's a superior position to be in. The third thing she pointed out is by abstaining, we avoid the situation where one of those courts is going to do a bunch of work all along the way and the court that gets to a judgment first is going to be raised judicata to the other court. That's a lot of wasted judicial resources. And so when you look at all of that bundle of things together, which Judge Hickey pointed out, she exercised her discretion in the way that she exercised it to abstain from the case. And that was the appropriate thing to do in the context of this case. Now let's talk about the so-called bias of the judge who's now recused. First of all, I think you can affirm and should affirm whether he recused or not. It doesn't matter. What Judge Hickey pointed out in her order, and she is a former state trial court judge, is that the Arkansas judicial system has in place methods for making sure judges who should recuse do. And the Arkansas state court processes have procedures in place to review orders of state court judges that are wrong. They're called appeals. And yet you have a writ practice, too. And we have a writ practice. You have active writ practice, right? Yes, we have an active writ practice. And so all of those things are there to protect the insurance carriers if they have a problem with any of Judge Batson's orders. But let's take a look at what he did. He entered a TRO and converted it to a preliminary injunction following the exact procedure that Arkansas ruled Civil Procedure 65A and 65B. The carriers cry prejudice. That means they don't like the order. I clerked for Judge Arnold a long time ago, and he used to peer across the bench and say, of course it's prejudicial, otherwise they wouldn't do it. Everything is prejudicial to one side or the other. Just because you don't agree with the order doesn't mean it's unduly prejudicial. He appropriately required the receiver to give notice to the carriers. What's wrong with that? If the notice was late under the policy, it was late. Telling the carrier to provide them notice doesn't resurrect a late notice. So just because they were told to give notice doesn't unduly prejudice them, and there's nothing wrong with the order to begin with. And he extended the time to answer. What's the problem with that? That means there's no default in this case. How does that hurt the carriers and help the plaintiffs to keep the defendant out of default? I don't understand that. So the bottom line with this case is that Judge Hickey marched through the discretion that is afforded her under Brillhart and Wilton and entered an order that makes sense. This court can review the order, but it's for that double-barreled abuse of discretion, and she simply did not abuse it in this situation. The only time in my career I've ever gotten a thumbs-up from an appellate court bench was in the Tennessee Court of Appeals from Judge Holly Kirby, who's now the Chief Justice of the Tennessee Supreme Court, when I had about four minutes left and said, I don't have anything else to say. So if there are no questions, I'll take my leave. I see no questions. Thank you for your argument, counsel. Mr. Hill. Thank you, Judge. I will go very quickly. I don't have a ton of time left. I agree, again, with a lot of what he said. It is a discretionary standard. That's a high standard. But that does not get us around the requirement of finding an issue better resolved in state court. And again, I don't see that. I didn't hear that from Mr. Brooks. I just don't know what issue is better resolved. And I still maintain that it's much better resolved in federal court. With regard to the plagiarism comment, that was a joke. I think they did copy and paste some of it. I don't mind. I'm not actually angry with them. And I would agree, that does make it a parallel case. I've never once contended that the two cases are not parallel. Hard to contend that. On the discussion of Wilton, that was a, I think, Colorado River abstention for some things heightened this to an exceptional circumstances. And all Wilton said was no, going back to Breilhardt. It did not change the Breilhardt standard. Breilhardt standard of discretion, but still finding a better issue resolved in state court is still the law. So I don't think there's much more to talk about on Wilton. To answer your question, Judge Erickson, the motion for summary judgment we filed has been denied as moot. And we have to, since they amended their complaint, we have to re-serve people who didn't answer and it takes a long time. But we will re-file it. But there is nothing pending right now. With regard to the point that this case was at its inception, there's really no discovery to do. We took a deposition of Walker and that's it. That's all the discovery this case needs. His admissions that he did this intentionally, he knew what he was doing, he knew it was wrong, that's the end of the case. So at its inception and at its, right before when summary judgment is due, is pretty much the same thing. It's one deposition that took two days. We're there now. So it is not a case that's going to take 16 years like some other cases. It's a case that took one week to depose a guy and then we can file a motion. And I think the final thing I would end on is that I would point out everything we have done for our client in this case is to ensure they got a fair trial. Everything the plaintiffs have done in this case is to make sure my clients get an unfair trial. And we don't think that should be rewarded. Okay. Thank you counsel for the argument. Case number 23-2425 is submitted for decision by the court. Ms. Grupe, does that conclude the docket? It does, your honor. The court will be in recess until 9 o'clock tomorrow morning.